**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSE FREGOSO** ) | |
| ) | **Civil Action No.** |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WELLS FARGO DEALER** ) | |
| **SERVICES, INC., CASHCALL, INC.,** ) | |
| **PROFESSIONAL COLLECTIONS** ) | |
| **CONSULTANTS, INC., SANTANDER** ) | |
| **CONSUMER USA, INC. and** ) | |
| **WILSHIRE CREDIT CORP.** ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, Jesse Fregoso, against Wells Fargo Dealer Services, Inc. Cashcall, Inc., Professional Collections Consultants, Inc., Santander Consumer USA, Inc., and Wilshire Credit Corp., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as amended, and various other common law rights.

## THE PARTIES

2.      Plaintiff Jesse Fregoso is an adult individual and citizen of the State of California residing at 46200 Calhoun Street, #28, Indio, California 92201.

3.      Defendant Wells Fargo Dealer Services, Inc. formerly Wachovia Dealer Services (hereafter "Wachovia") is a business entity which regularly conducts business in the state of Pennsylvania and which has a principal place of business located at 1400 Union Meeting Road, # 220, Blue Bell, PA 19422.

4.     Defendant Cashcall, Inc., (hereafter "Cashcall") is a business entity which regularly conducts business in the State of Pennsylvania, and which has a principal place of business located at 1600 S. Douglass Road, Anaheim, California 92806.

5.     Defendant, Professional Collections Consultants (hereafter "Professional") is a business entity which regularly conducts business in the State of Pennsylvania and which has a principal place of business located at 6700 S. Centinela Avenue, 3rd Floor, Culver City, California 90230.

6.     Defendant Santander Consumer USA, Inc., (hereafter "Santander") is a business entity which regularly conducts business in the State of Pennsylvania and which has a principal place of business located at 8585 North Stemmons Freeway, Suite 900, Dallas, Texas 75247.

7.     Defendant Wilshire Credit Corp., (hereafter "Wilshire") is a business entity which regularly conducts business in the State of Pennsylvania and which has a principal place of business located at 400 Countrywide Way, Simi Valley, California 93065.

## JURISDICTION & VENUE

8.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

11.     The inaccurate information includes, but is not limited to, accounts with Wachovia, Cashcall, Professional, Santander, and Wilshire that do not belong to Plaintiff.

2

12.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

13.     The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

14.     Defendants have been reporting the inaccurate information provided by Defendant through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15.     Plaintiff has disputed the inaccurate information concerning the accounts with the Defendants.

16.     Notwithstanding Plaintiff's disputes, the Defendants have failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above accounts as disputed and have continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

17.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

19.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

20.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

21.     At all times pertinent hereto,  Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

22.     At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I -  ALL DEFENDANTS
## VIOLATIONS OF THE FCRA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto Defendants are "persons" as that term defined by 15 U.S.C. § 1681a(b).

25.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

26.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

27.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

(e)      Such other and further relief as may be necessary, just and proper.

                              Respectfully Submitted,

                              **FRANCIS & MAILMAN, P.C.**


                      BY:      _/s/Mark Mailman_____
                              MARK MAILMAN, ESQUIRE
                              GREGORY J. GORSKI, ESQUIRE
                              Land Title Building, 19th Floor
                              100 South Broad Street
                              Philadelphia, PA 19110
                              (215) 735-8600

Dated:  August 12, 2011           Attorneys for Plaintiff

6